# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1427
Lower Tribunal No. 13-18182

_____

## Citizens Property Insurance Corporation,
Appellant,

vs.

## Pedro Ballester and Janette Ballester,
Appellees.

An appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Link & Rockenbach, PA, and Kara Berard Rockenbach and David A. Noel (West Palm Beach); Vernis & Bowling of Broward, PA, and Carlton A. Bober (Hollywood), for appellant.

Espinosa Law Group and Daniel A. Espinosa; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellees.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

SUAREZ, J.

Citizens Property Insurance Corporation appeals from a final judgment, following a jury trial, in favor of Pedro and Janette Ballester (Plaintiffs below).

Because the trial court did not abuse its discretion, we affirm. We write only to express our concern over Plaintiffs' trial counsel's willful violation of the trial court's pretrial order excluding evidence.[1]

This property damage insurance case arises from a marijuana grow house explosion. The grow house was insured by Citizens as was the Ballesters' home, which was located across the street. The Ballesters sued Citizens for breach of contract after it denied coverage for property damage to their home that the Ballesters alleged had been caused by the explosion.

Before trial, the Ballesters filed a motion in limine seeking to admit a 2012 letter written by a Citizens liability adjuster along with the adjuster's deposition testimony. The letter was sent to neighbors of the grow house after the explosion, and it denied liability for any property damage caused by the explosion. The letter stated that damage to the neighboring properties was the result of third parties who were renting the house at the time of the explosion and not due to the negligence of the Citizens' insured homeowner. The Ballesters argued that the letter was an admission that the explosion caused damage. Following a hearing, the trial court denied the Ballesters' motion, pursuant to Florida Rule of Evidence 403,[2] and precluded them from introducing the letter and deposition at trial.

---

[1] We emphasize that this opinion refers solely to Plaintiff's trial counsel, and not to appellate counsel Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, or William D. Mueller, who represented the Plaintiff only in this appeal and not at the trial level.

Despite the trial court's clear order, Plaintiffs' counsel directly referenced the letter in front of the jury:

> Q Citizens previously took the position in 2012 that the damages my clients incurred were the result of that explosion; isn't that right?

Following an immediate objection, Plaintiffs' counsel requested that the question be read back to the jury **a second time** before the objection was sustained. Citizens subsequently filed a motion for mistrial. During the hearing on Citizens' motion for mistrial, Plaintiffs' counsel admitted to willfully asking the question and argued that the question was fair game since the letter itself was not coming in as substantive evidence. The trial court ultimately denied Citizens' motion.

We affirm because we do not find that the trial court abused its discretion in denying Citizens' motion for mistrial, or with respect to any of the other issues raised on appeal. We are, however, troubled by Plaintiffs' counsel's blatant disregard of a court order, and we write to remind counsel that as an officer of the court, it is a lawyer's duty to, among other things, "demonstrate respect for the legal system and for those who serve it" and to "uphold legal process." R. Regulating Fla. Bar 4, Preamble; see also Visoly v. Sec. Pac. Credit Corp., 768 So.

---

[2] "**Exclusion on grounds of prejudice or confusion.**—Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. This section shall not be construed to mean that evidence of the existence of available third-party benefits is inadmissible." § 90.403, Fla. Stat.

2d 482, 492 (Fla. 3d DCA 2000) ("The privilege to practice law requires attorneys to conduct themselves in a manner compatible with the administration of justice. While counsel does have an obligation to be faithful to their clients' lawful objectives, that obligation cannot be used to justify unprofessional conduct by elevating the perceived duty of zealous representation over all other duties.").

Affirmed.


**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**

4